UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BAO FANG ZHENG,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>ALBERTO R. GONZALES, et al.,<br><br>　　　　　　Respondents. | CASE NO.  C07-33-JLR-JPD<br><br>REPORT AND<br>RECOMMENDATION |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Zheng Bao Fang is a native and citizen of China who is being detained by the United States Immigration and Customs Enforcement ("ICE"). On January 8, 2007, petitioner, proceeding pro se, filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the statutory and constitutional authority of ICE to detain her any further under *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001), due to the unlikelihood of her removal from the United States in the reasonably foreseeable future. (Dkt. #1). Respondents have filed a Return and Status Report and Cross-Motion to Dismiss, arguing that petitioner has obtained an order reopening her proceedings before the Immigration and Judge, and she is no longer detained based upon a final order of removal. (Dkt. #6). As a

REPORT AND RECOMMENDATION
PAGE – 1

consequence, respondents argue that *Zadvydas* doe not apply to her case, and any challenge to her detention should be brought before the Immigration Judge.

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. #1) be DENIED, and that respondents' motion to dismiss (Dkt. #6) be GRANTED.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner Zheng Bao Fang is a native and citizen of China. On December 14, 1999, she entered the United States at Los Angeles International Airport without any travel documents. (*Yang v. Clark*, Case No. C06-1023-TSZ-JPD, Dkt. #13 at R73). At the airport, petitioner told immigration inspectors that she had come to the United States to look for a job, and indicated a fear of being returned to China because she would not be able to pay the $6,000 it took for her arrangements to the United States. (*Yang v. Clark*, Case No. C06-1023-TSZ-JPD, Dkt. #13 at R73). The inspectors determined that petitioner was inadmissable under section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"), but referred her to an asylum officer for a "credible fear" interview pursuant to INA § 235(b)(1). *Id.*

At the credible fear interview on December 21, 1999, an asylum officer found that petitioner had demonstrated a credible fear of persecution. (*Yang v. Clark*, Case No. C06-1023-TSZ-JPD, Dkt. #13 at L21). The same day, petitioner was served with a Notice to Appear, placing petitioner in removal proceedings and charging petitioner with removability pursuant to INA § 212(a)(7)(A)(i)(I), because petitioner was not in possession of valid documents at the time of her entry. (*Yang v. Clark*, Case No. C06-1023-TSZ-JPD, Dkt. #13 at L26).

On January 12, 2000, petitioner appeared for a hearing before an IJ, at which she

REPORT AND RECOMMENDATION
PAGE – 2

requested time to obtain counsel. (*Yang v. Clark*, Case No. C06-1023-TSZ-JPD, Dkt. #13 at L29). On January 27, 2000, petitioner was released from custody on her own recognizance and venue was changed to New York, New York, where she was planning on staying with her brother. (*Yang v. Clark*, Case No. C06-1023-TSZ-JPD, Dkt #13 at L30-32).

On February 25, 2000, petitioner appeared, with counsel, and the case was scheduled for hearing. (*Yang v. Clark*, Case No. C06-1023-TSZ-JPD, Dkt. #13 at L48-49). On June 2, 2000, a merits hearing on petitioner's asylum application was set for November 16, 2000. (*Yang v. Clark*, Case No. C06-1023-TSZ-JPD, Dkt. #13 at L235). Petitioner's counsel filed additional evidence on September 15, 2000. (*Yang v. Clark*, Case No. C06-1023-TSZ-JPD, Dkt. #13 at L195). However, neither petitioner nor her counsel appeared for the merits hearing, and petitioner was ordered removed *in absentia* on November 16, 2000. (*Yang v. Clark*, Case No. C06-1023-TSZ-JPD, Dkt. #13 at L254).

On June 8, 2006, petitioner was arrested by the United States Immigration and Customs Enforcement ("ICE") in Anchorage, Alaska. (*Yang v. Clark*, Case No. C06-1023-TSZ-JPD, Dkt. #13 at R117-18). On or about July 15, 2006, petitioner, proceeding through counsel, filed a motion to reopen her removal proceedings with the New York Immigration Court. (*Yang v. Clark*, Case No. C06-1023-TSZ-JPD, Dkt. #13 at L264-65).

On July 20, 2006, petitioner and her husband brought a joint petition for writ of habeas corpus and an emergency motion for stay of removal. (*Yang v. Clark*, Case No. C06-1023-TSZ-JPD, *Yang v. Clark*, Case No. C06-1023-TSZ-JPD, Dkt. #4). On July 26, 2006, the Court granted petitioner's request for a temporary stay of removal pending resolution of the habeas petition. (*Yang v. Clark*, Case No. C06-1023-TSZ-JPD, *Yang v. Clark*, Case No. C06-1023-

REPORT AND RECOMMENDATION
PAGE – 3

1  TSZ-JPD, Dkt. #6).

2  On September 7, 2006, petitioner's motion to reopen her immigration proceedings was

3  granted by the Immigration Judge and petitioner is no longer subject to a final order of removal.

4  (Dkt. #7). On January 8, 2007, the venue for those proceedings was changed to Tacoma,

5  Washington. *Id.*, Ex. B.

6  On January 8, 2007, petitioner filed the instant habeas petition, challenging her continued

7  detention. (Dkt. #1).

8  On February 2, 2007, the Honorable James P. Donohue issued a Report and

9  Recommendation ("R&R"), recommending that petitioner's 2006 habeas petition be dismissed

10 with prejudice. (*Yang v. Clark*, Case No. C06-1023-TSZ-JPD, Dkt. #18).

11 On February 12, 2007, respondents filed a return and status report and cross-motion to

12 dismiss.[1] (Dkt. #6). Petitioner did not file a response to respondents' motion.

13

14 On March 16, 2007, the Honorable Thomas S. Zilly entered an order and judgment

15 adopting the R&R and dismissing petitioner's 2006 habeas petition with prejudice. (*Yang v.*

16 *Clark*, Case No. C06-1023-TSZ-JPD, Dkts. #19 and #20). Accordingly, the Court's stay of

17 removal in that case is no longer in effect.

18 ### III. DISCUSSION

19 Petitioner argues that respondents have unlawfully detained her in custody for longer

20 than six months, in violation of *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d

21

---

22 [1] The Court notes that although the government identified its motion to dismiss as a
23 "cross-motion," the government's return filed in accordance with 28 U.S.C. § 2243 is the moving document establishing the briefing schedule under Local Rule 7(d)(3). Therefore, the
24 government's motion is more accurately identified as a motion to dismiss rather than as a cross-motion.

25

26 REPORT AND RECOMMENDATION
PAGE – 4

653 (2001), and that she must be released because there is no significant likelihood that he will be removed in the reasonably foreseeable future. (Dkt. #1). Respondents argue that *Zadvydas* does not apply to petitioner's detention because she is no longer subject to a final order of removal. (Dkt. #6 at 3). The Court agrees with respondents.

The post-removal-period statute provides for the mandatory detention of aliens awaiting removal from the United States for an initial period of ninety days. INA § 241(a)(1), 8 U.S.C. § 1231(a)(1). Where removal cannot be accomplished within the ninety-day removal period, detention beyond the removal period is authorized by INA § 241(a)(6), 8 U.S.C. § 1231(a)(6). In *Zadvydas*, the Supreme Court addressed whether "this post-removal-period statute authorizes the Attorney General to detain a removable alien indefinitely beyond the removal period or only for a period reasonably necessary to secure the alien's removal." *Zadvydas,* 533 U.S. at 682. The Court determined that, beyond those ninety days, the government is entitled to a presumptively reasonable period of detention of six months to bring about the alien's removal from the United States. *Zadvydas*, 533 U.S. at 701. After this six-month period, the alien is eligible for conditional release upon demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* If the petitioner meets this burden, the government must produce sufficient evidence to rebut petitioner's showing. *Id.*

Here, however, *Zadvydas* is inapplicable because petitioner's immigration proceedings were reopened by the Immigration Court and she is no longer subject to a final order of removal. Accordingly, petitioner is detained in proceedings under the pre-removal-order detention statute, INA § 236(a), 8 U.S.C. § 1226(a). Any challenge to petitioner's present detention must, therefore, be brought before the Immigration Judge, who has the authority to determine petitioner's custody status. *See* 8 C.F.R. § 236.1(d)(1).

REPORT AND RECOMMENDATION
PAGE – 5

## IV. CONCLUSION

For the foregoing reasons, I recommend that respondents' motion to dismiss be granted, and that this action be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 10th day of July, 2007.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 6